**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4390**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JAVOTA JETER, a/k/a Javonte Jeter,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:12-cr-00254-MOC-1)

---

Submitted:  January 29, 2016      Decided:  February 5, 2016

---

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javota Jeter pled guilty, pursuant to a written plea agreement, to possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c) (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court imposed an aggregate sentence of 125 months' imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967), Jeter's counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether Jeter possessed the firearm used in the § 924(c) offense. We affirm the district court's judgment.

We consider Jeter's claim on appeal as an attack on his guilty plea. Jeter did not move to withdraw his guilty plea; thus, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or

2

promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

Although we note that there were minor omissions in the Rule 11 colloquy conducted by the magistrate judge, we conclude that these minor omissions did not affect Jeter's substantial rights. See United States v. Davila, 133 S. Ct. 2139, 2147 (2013) (stating that, to demonstrate effect on substantial rights in Rule 11 context, defendant "must show a reasonable probability that, but for the error, he would not have entered the plea" (internal quotation marks omitted)). Moreover, the district court confirmed at sentencing that Jeter entered his plea knowingly and voluntarily and that a factual basis supported his plea. See DeFusco, 949 F.2d at 116, 119-20. While Jeter now contests the fact that he possessed the firearm used in the § 924(c) offense, the relevant conduct in the presentence report,* to which Jeter stipulated, establishes that he personally brandished a firearm in furtherance of a carjacking. See United States v. Strayhorn, 743 F.3d 917, 922

---

* In the plea agreement, the parties deferred the court's finding of the factual basis for the guilty plea until the sentencing hearing, and further stipulated that the Court may use the facts in the presentence report not objected to by Jeter in finding a factual basis for the plea.

(4th Cir.) (stating elements of § 924(c) offense), <u>cert. denied</u>, 134 S. Ct. 2689 (2014).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jeter, in writing, of the right to petition the Supreme Court of the United States for further review. If Jeter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jeter.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>